F. M. ANDREWS *v.* NEW ORLEANS BREWING ASSOCIATION.

CONTRACTS.   *Illegality.*   *Right to withhold property.*

    A party to a past transaction cannot withhold its gains from another party thereto on the ground of its illegality.   *Gilliam* v. *Brown,* 43 Miss., 641; *Howe* v. *Jolly,* 68 *Ib.,* 323.

FROM the circuit court of Warren county.

HON. W. K. McLAURIN, Judge.

This was an action for money had and received. On the trial, the defendant introduced evidence tending to show that the plaintiff, at the time the indebtedness was contracted, was doing business in Vicksburg as a wholesale dealer in malt liquors, and had not paid the privilege tax required by law. The court below gave a peremptory charge in favor of the plaintiff, and, defendant's motion for a new trial having been overruled, he prosecuted this appeal.

*Miller, Smith & Hirsh,* for the appellant.

The plaintiff seems to be debarred of all remedy by two provisions of our statute law. By § 3401, code 1892, it is provided contracts made in reference to the business carried on in violation of the privilege shall be void so far as the person in default may base any claim thereon; and by § 849, same code, it is provided that foreign corporations shall not do or commit any act in this state contrary to the laws or policy thereof, and shall not be allowed to recover on any contract made in violation of law or public policy.

It is the universal principle that any contract entered into with the mutual intent to evade the laws of the place where it is executed, is void, and especially is this rule applied to contracts relating to the sale of liquor. 9 Am. & Eng. Enc. L.; *Armstrong* v. *Toler,* 11 Wheat. (U. S.), 258.

This is not a suit upon a contract which is collateral to or independent of the original illegal contract or transaction, but it is a suit to recover the proceeds of an illegal business, which went into the hands of the defendant, under a distinct agreement that he was to receive these proceeds, and now having violated that agreement, the plaintiff comes into court to make him carry out the contract, to wit: To pay the proceeds arising from the sale of the keg beer, which was sold without any license on the part of the brewing association, and was sold, moreover, under the sham and subterfuge that the defendant's firm, the Vicksburg Liquor & Tobacco Company, were pre-

tending to sell it as its beer, when, in point of fact, it was the beer and business of the New Orleans Brewing Association. *Miller* v. *Ammon*, 145 U. S., 421; *Collins* v. *Blanton*, 2 Wils., 341; *Jackson* v. *Dashier*, 3 Term R., 507.

*A. M. Lea*, for the appellee.

The beer was sold by Kain, agent of appellees, and the proceeds thereof, which make up the account sued on, were paid to appellant for appellee's use. The interdicted transactions are completed, the sales made, and the price paid, and the appellant cannot refuse to account for the money so received, on the ground that it represents the proceeds of illegal sales of liquor. *Brooks* v. *Martin;* 2 Wall., 81; *McBlair* v. *Gibbes*, 17 How., 236; *Tenant* v. *Elliott*, 1 B. & P., 3; *Farmer* v. *Russell*, 1 B. & S., 296; *People's Bank* v. *Railroad Co.*, 65 Miss., 365; *Crum* v. *Shoe Co.*, 72 Miss., 458; Lawson's Rights & Remedies, secs. 2014, 2552.

WOODS, J., delivered the opinion of the court.

Without expressing any opinion as to the illegality of the business carried on in Vicksburg by the appellee, under its arrangement with the Vicksburg Liquor & Tobacco Company, it is clear that such illegality may be conceded, and yet the appellee's right to recovery is not affected thereby. For, conceding the illegality of the business, the question still remains whether the appellant company can be allowed to receive, for the appellee's use, money which arose out of an illegal transaction, then consummated and ended, and retain it as against the appellee, for and on whose account it was received.

It is unnecessary to discuss the question, for it was long ago carefully and elaborately examined and definitely settled in this state in *Gilliam* v. *Brown*, 43 Miss., 641. Said this court in that case: "The principle seems to be well established that after the illegal contract had been executed, one party in possession of all the gains and profits resulting from the illicit

traffic and transaction, will not be tolerated to interpose the objection that the business which produced the fund was in violation of law, and, therefore, the plaintiff, jointly interested in its gains and profits, cannot ground any claim to an account and share thereof." In *Howe* v. *Jolly,* 68 Miss., 323, *Gilliam* v. *Brown* was cited and followed, and this question declared to be "completely settled by that case."

*Affirmed.*