[Civ. No. 714. First Appellate District.—March 30, 1910.]

WAYMAN INVESTMENT COMPANY, Respondent, v. PAUL WESSINGER and HENRY WAGNER, Executors, etc., Appellants.

LEASE—BUILDING VIOLATING FIRE ORDINANCE—LEGALITY OF CONTRACT —CONSIDERATION—ACTION FOR RENT.—Although a contract founded upon an illegal consideration, or having for its purpose a violation of law, may not be enforced, yet a lease of a building constructed in violation of a fire ordinance, which does not in terms prohibit the lease, is not founded upon an illegal consideration, and if it is not made for any illegal purpose, an action for rent may be based upon such lease in favor of the owner of the building as lessor.

ID.—EVIL ACCOMPLISHED PRIOR TO LEASE—RIGHTS OF CITY—PROPERTY OF OWNER—ESTOPPEL OF LESSEE.—In such case, the evil in the violation of the fire ordinance had been accomplished prior to the lease; and though perhaps the city might have ordered it removed, yet until this was done, it remained the property of the plaintiff as owner, and defendants could not take and enjoy the possession thereof under a lease, and dispute its validity, and refuse to pay the rent reserved. To allow such refusal would be to encourage a gross breach of fair dealing.

ID.—PROPERTY ACQUIRED IN VIOLATION OF LAW—SUBJECT OF LEGITIMATE CONTRACTS—ENFORCEMENT.—The mere fact that property is acquired in violation of law does not rob it of its character as property, nor prevent it from being the subject of legitimate contracts which may be enforced in courts of law.

ID.—TEST OF ENFORCEMENT.—Although there may be some illegal features connected with a transaction involved in a suit, yet the plaintiff may recover if his cause of action is otherwise legitimate, and he can make out his case without calling to his aid any illegality. The test of whether the demand can be enforced at law is whether the plaintiff requires the aid of an illegal contract to establish his case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Sterling Carr, for Appellants.

J. M. & H. L. Rothchild, for Respondent.

HALL, J.—Appeal from judgment in favor of plaintiff for the sum of $300, rental for certain premises leased by plaintiff to defendants by a written lease.

The lease was executed in September, 1906, and the defendants entered into possession of the demised premises, and have ever since continued in possession, but refuse to pay the agreed rental falling due March 12, 1908, solely upon the ground that the building which they leased and the possession of which they have enjoyed, and apparently still retain, was erected in violation of the provision of the ordinance establishing fire limits and regulating the construction of buildings.

It is contended by appellant that because the erection of the building was a violation of such ordinance punishable by a fine, the consideration for the contract of lease between plaintiff and defendants was illegal, and the contract in consequence void.

That a contract founded upon an illegal consideration, or having for its purpose a violation of the law, is void, and may not be enforced, cannot be denied. Such are the cases cited by appellant. But to the proposition that the leasing and giving possession of a building, originally illegally constructed, for an agreed rental involves any violation of law, we cannot agree. The ordinance does not in terms prohibit the leasing of such a building, and the lease in this case was for no illegal purpose.

This case is analogous to *Sharp* v. *Taylor*, 41 Eng. Reprint, 1153, 2 Phil. Ch. 801. The action was of an accounting between joint owners of an American vessel. The owners were British subjects, and, in violation of an act of parliament, had caused the vessel to be registered in the name of an American owner in order that she could be used in commerce between American and British ports. The lord chancellor said: "The next point is that plaintiff's claim is in violation of the English ship registry acts. . . . But the answer to the objection appears to me this—that the plaintiff does not ask to enforce any agreement adverse to the provision of the act of parliament. He is not seeking compensation and payment for any illegal voyage; that matter was disposed of when Taylor received the money; and the plaintiff is now only seeking for payment of his share of

realized profits. The violation of the law suggested was not any fraud upon the revenue, or omission to pay what might be due, but, at most, an evasion of a parliamentary provision supposed to be beneficial to the ship owners of this country, an evil, if any, which must remain the same whether the freight be divided between Sharp and Taylor, according to their shares, or remain altogether in the hands of Taylor.''

So in the case at bar the violation of the ordinance had been accomplished. The evil had been done before the lease was executed. It was perhaps within the power of the municipality to cause the building to be removed. But until this was done it remained the property of plaintiff, and defendants certainly had no right to take and enjoy the possession thereof under a lease and not be bound by the terms thereof. A different question would be presented if the action was by the builder to recover for having constructed the building; but to permit the defendants in this case to take and enjoy the possession of plaintiff's building without paying therefor as they agreed would be to encourage the grossest breach of fair dealing in the business world. (*McDonald* v. *Lund,* 13 Wash. 412, [43 Pac. 438].) The mere fact that certain property has been acquired in violation of some law does not rob it of its character of property, nor prevent it from being the subject of legitimate contracts which may be enforced in courts of law. (*Roselle* v. *Beckemeier,* 134 Mo. 380, [35 S. W. 1132] ; *Andrews* v. *New Orleans etc. Assn.,* 74 Miss. 362, [60 Am. St. Rep. 509, 20 South. 837] ; *Minnesota etc. Co.* v. *Whitebreast etc. Co.,* 56 Ill. App. 248; *Brooks* v. *Martin,* 69 U. S. 70; *Planters' Bank* v. *Union Bank,* 83 U. S. 483.)

''Although there may be some illegal features indirectly connected with a transaction involved in a suit, yet the plaintiff may recover if his cause of action is otherwise legitimate, and he can make out his case without calling to his aid the illegal agreement. The test of whether the demand can be enforced at law is whether the plaintiff requires the aid of the illegal contract to establish his case.'' (*Minnesota Lumber Co.* v. *Whitebreast Coal Co.,* 56 Ill. App. 248.)

The contract relied upon by the plaintiff in this case was entirely independent of, and had no connection with, the violation of the ordinance involved in the construction of the building. It is a matter of the history of San Francisco that after the great fire of April, 1906, by tacit consent of the public authorities property owners were allowed to construct buildings within the fire limits without regard to the fire ordinance. It was the only practicable method of providing facilities whereby thousands of citizens might resume useful and necessary business and callings. These defendants having availed themselves of one of such buildings to conduct their legitimate business, it would be a perversion of justice for a court of law to sanction their evasion of the payment of the agreed rent. We do not think the law requires it.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 28, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1910.