YANKWICH, J., pro tem.
Plaintiff had judgment in the court below for the sum of one hundred and fifty ($150) dollars, principal sum, nine and 22/100 ($9.22) dollars, as interest, and the sum of one and 50/100 ($1.50) dollars, for recording a mechanic’s lien, and for the foreclosure of the mechanic’s lien claimed.by him upon property of the defendant, Marie L. Davis, situated in the city of Los Angeles. The record shows that on October 29, 1929, plaintiff and defendant entered into a written contract whereby the plaintiff, as a contractor, agreed to construct for the defendant a three-room stucco house and to remodel a *783 garage on the real property mentioned. The work was completed by the plaintiff, and he received from the defendant, on account, the sum of six hundred and forty-three ($643.00) dollars. There were also extras amounting to thirty (|30.00) dollars. No notice of completion was filed. On May 16, 1930, plaintiff duly filed his claim of lien. The court below gave judgment in the amount first stated, and ordered the lien foreclosed. It is the contention of the defendant that the lien was not filed within the time prescribed by section 1187 of the Code of Civil Procedure.
The lien is claimed here by one who is an original contractor. The premises were occupied on December 14, 1929. The lien was filed May 16, 1930. The only work performed after occupancy was the painting of two air vents under the house, “which (as the bill of exceptions states) was part of the contract
We need not decide whether the lien was timely, because the failure to comply with the act relating to the registration and' licensing of contractors (Stats. 1929, chap. 791, p. 1591) bars recovery. The act is intended for the protection of the public. Control over the contractor is given to the state director of professional and vocational standards through the power to revoke licenses for fraudulent and illegal practices. And while an examination is not made a condition precedent to the granting of a license, the entire object of the statute is that protection of the public against fraudulent and illegal practices which has always been recognized as a distinctive characteristic of statutes which are not mere revenue measures. (Levinson v. Boas, 150 Cal. 185, 193 [88 Pac. 825]; Payne v. De Vaughn, 77 Cal. App. 399, 403 [246 Pac. 1069]; Van Wych v. Burrows, 98 Cal. App. 414, 419 [277 Pac. 190].) A similar local statute has been so interpreted in Draper v. Miller, 92 Kan. 275 [140 Pac. 890] (a case cited with approval in Payne v. De Vaughn, supra).
The judgment is reversed, with costs of appeal to the appellant.
Shaw, J., concurred. •