BISHOP, J.
 

 The defendant-appellant was convicted on the charge that he “did engage in the business or engage in the capacity of a contractor ’ ’ without a license as required by
 
 *Supp. 765
 
 the Contractors’ License Law. (Act 1660, Deering’s Gen. Laws, 1937.) Viewing the evidence most favorably to the conviction, it may be said to warrant the conclusion that the defendant bought materials, hired labor and enlisted the services of a superintendent, all to the end that a structure was built on property owned by the defendant. Inasmuch as we are of the opinion that an owner does not become a1 ‘ contractor” because he performs for himself services that, if done for another, would bring him within the purview of the statute, we find this evidence insufficient to sustain the conviction ■which led to the judgment appealed from.
 

 To ascertain the meaning of the word “undertakes” as it appears in the statute’s definition of “contractor”, is the problem presented by this appeal. The word is susceptible of the meaning which the People would give it in support of their judgment: one may undertake a task by and for himself. This use of the word is embodied in one of the dictionary definitions: “To take upon oneself; to engage in; to enter upon; to take in hand; set about; attempt; as, to undertake a task, a journey.” But the word has also a definition which connotes an agreement with another person: “ ... to lay oneself under obligation, or to enter into stipulations, to perform or to execute; to covenant; contract”. Both definitions are found in Webster’s New International Dictionary, second edition.
 

 As “contractor” was defined when the statute was adopted in 1929 (Stats. 1929, p. 1591) and as amended in 1931, the use in which “undertakes” was employed was unambiguous. Quoting enough of section 3, as amended in 1931, to make clear our point, it provided: “A contractor within the meaning of this act is a person . . . who for . . . compensation, other than wages, undertakes or offers to undertake with another, or purports to have the capacity to undertake with another, to construct .•'. . any building . . . ” Beginning with an amendment in 1933 the word's “with another” háve been omitted, and the modern version is: “ A contractor within the meaning of this act is a person, . . . who in any capacity other than as the employee of another with wages as the sole compensation, undertakes or offers to undertake or purports to have the capacity to undertake or submits a bid, to construct . . . any building ...” It is our conclusion that the omission of the words “with another” has not changed the scope
 
 *Supp. 766
 
 of the definition at all; it still uses the word “undertake” in the sense in which it was formerly used; “with another” is still its meaning.
 

 Several considerations, jointly and severally, bring us to this conclusion. To begin with, it would require á clear expression of legislative intent for us to believe that the statute intended to make such an unwarranted use of the word “contractor” as to have it embrace a person who had avoided entering into a contract. The employment of a word which means not only to set about doing something, oneself, but also to agree with another to do something, does not result in a clear expression of a legislative desire to give an entirely artificial meaning to “contractor”.
 

 The word “undertake” appears several times in the definition; so, there being no reason to believe that the legislature used it with a different meaning one time than another, it should be given the same meaning on all appearances.
 
 (Coleman
 
 v.
 
 City of Oakland,
 
 (1930) 110 Cal. App. 715 [295 Pac, 59].) Plainly more than one person is involved when the definition refers to one who “offers to undertake or purports to have the capacity to undertake or submits a bid”. To avoid a definition which would give us a contractor without a contract, and to follow the interpretation which uses “undertake” in the same sense throughout the definition, a sense which is common and correct, we must conclude that a person, erecting a building on his own property, is not a contractor, within the meaning of the Contractors’ License Law.
 

 An argument may be made against this conclusion by pointing to subdivision (d) of section 2 of the statute and asking: “What purpose does this provision have if an owner is not to be considered a contractor ? ’ ’ The provision referred to is: “Sec. 2. This act shall not apply to: . . . (d) Owners of property, building or improving structures thereon for the occupancy of such owners, and not intended for sale.” We cannot answer the question, but the argument referred to loses whatever potency it would have when we note that for some reason, possibly an excess of caution, an exemption of identical import, though varying in expression from time to time, has been in the statute throughout its existence, and by no stretch of construction possible prior to 1937 could it be said that a contractor’s license was required of an owner building on his property. Unless some reason indicates a contrary
 
 *Supp. 767
 
 construction, the provision takes on no new meaning by virtue of its reappearance in the 1937 version. (Sec. 325, Pol. Code;
 
 Carter
 
 v.
 
 Stevens,
 
 (1930) 208 Cal. 649 [284 Pac. 217];
 
 Blodgett
 
 v.
 
 Superior Court,
 
 (1930) 216 Cal. 1, 13 [290 Pac. 293, 72 A. L. R. 482].)
 

 We do not question the beneficent purpose of this statute, and it should be given an interpretation in furtherance of that purpose. It imposes, however, another limitation upon the right of a citizen to go about his business without governmental interference, and we are of the opinion that such a limitation should not be recognized by the courts, especially where the sanction is possible imprisonment, except as the legislative power clearly, and constitutionally, imposes it. Without passing on any constitutional question, we conclude that the least that may be said is that it is not clear that the legislature has intended to require an owner of a piece of land to have a contractor’s license before he can himself erect a building on it.
 

 We are directing that the action should be dismissed not only because it seems most unlikely that a new trial would be fruitful, in view of what we have held, but also because the complaint is faulty. Section 1 of the statute declares that it shall be unlawful for a person to engage in the business or act in the capacity of a contractor without a license. The acts thus named as unlawful are not synonymous and a complaint is defective which charges that one
 
 or
 
 the other was done, as does the complaint in this action.
 
 (People
 
 v.
 
 Tomlinson,
 
 (1868) 35 Cal. 503, 508, and cases cited.) The complaint, furthermore, contains inaccurate and possibly misleading references to the statute, referring to the “Contractors’ Law”, “as amended in 1931”. We need not inquire and do not determine whether any of these defects in the complaint would of themselves require a reversal in view of the fact the judgment must be reversed for the reason first advanced.
 

 The judgment is reversed, the cause is remanded to the trial court with instructions to dismiss the complaint.
 

 Shaw, P. J., and Sehauer, J., concurred.