69 Cal.App.2d Supp. 800 (1945)
E. R. MOON, Appellant,
v.
SAMUEL H. GOLDSTEIN, Respondent.
California Court of Appeals. 
May 21, 1945.
 Louis Budway for Appellant.
 Abe Richman for Respondent.
 BISHOP, J.
 The cross-complainant obtained a judgment awarding him damages because of the cross-defendant's failure faithfully to perform a contract to plaster thirty houses which the cross-complainant was erecting on lots owned by him. The cross-complainant was not licensed as a contractor, and we have concluded that he was, therefore, engaged in an enterprise prohibited by law and that he was not entitled to the judgment awarded him.
 [1] Obviously, in order to make out his case against the cross-defendant, the cross-complainant had to resort to his contract with him; he could not prove that the cross-defendant had damaged him by failing to live up to the obligation of a contract without first proving the contract. If, therefore, the cross-complainant violated some penal statutory provision in entering into the contract with the cross-defendant, making the contract void, he may not recover damages for its breach. This was a conclusion we expressed in a memorandum opinion on a former appeal, citing Berka v. Woodward (1899), 125 Cal. 119, 127 [57 P. 777, 73 Am.St.Rep. 31, 45 L.R.A. 420]; Levinson v. Boas (1907), 150 Cal. 185, 193 [88 P. 825, 11 Ann.Cas. 661, 12 L.R.A.N.S. 575]; Smith v. Bach (1920), 183 Cal. 259, 262 [191 P. 14]; Alvarado v. Davis (1931), 115 Cal.App.Supp. 782 [6 P.2d 121]; Holm v. Bramwell (1937), 20 Cal.App.2d 332, 335 [67 P.2d 114], and we see no reason to doubt its correctness. [2] Moreover, it is the law of the case and its correctness may not now be questioned. (Penziner v. West American Finance Co. (1937), 10 Cal.2d 160, 169 [74 P.2d 252]; Allen v. California Mutual B. & L. Assn. (1943), 22 Cal.2d 474, 481 [139 P.2d 321].)
 [3] In People v. Moss (1939), 33 Cal.App.2d Supp. 763 [87 P.2d 932], we had occasion to consider the charge that [69 Cal.App.2d Supp. 802] the defendant, who had bought the materials, hired the labor and enlisted the services of a superintendent, all to the end that a structure might be built on property owned by him, was a contractor within the purview of the Contractors' License Law (Deering's Gen. Laws, 1937, Act 1660). Quoting from section 3 of the statute as it read when the events under review occurred, we concluded that its definition of "contractor" did not include the defendant, and continued with these observations (p. 767): "We do not question the beneficent purpose of this statute, and it should be given an interpretation in furtherance of that purpose. It imposes, however, another limitation upon the right of a citizen to go about his business without governmental interference, and we are of the opinion that such a limitation should not be recognized by the courts, especially where the sanction is possible imprisonment, except as the legislative power clearly, and constitutionally, imposes it ... we conclude that the least that may be said is that it is not clear that the legislature has intended to require an owner of a piece of land to have a contractor's license before he can himself erect a building on it."
 The Legislature has, however, by subsequent enactments made its purpose clear that an owner who builds not for his own occupancy (see Bus. & Prof. Code, 7044) is, with an exception to be noted, regarded as a contractor. When the Contractor's License Law was codified in 1939 and became, with some changes, chapter 9 of division III of the Business and Professions Code, section 3 of the law was carried over into sections 7025, 7026 and 7027 of the code, with only insignificant alterations in transit. Later in the same year, by an act approved by the governor almost five months after the decision in People v. Moss (Stats. 1939, p. 3020), the words hereafter italicized were added to section 7026 so that it reads, so far as pertinent to our inquiry: "a contractor ... is any person, except a licensed architect ... who ... undertakes to or offers to undertake to or purports to have the capacity to undertake to or submits a bid to, or does himself or by or through others, construct ... any building ... or other structure, project, development or improvement. ..." It was the addition of the words "or does himself or by or through others" which caused us to say, on the former appeal, that the section as amended in 1939 "differs from the corresponding statute construed in People v. Moss ... in such manner as to require a different construction and to indicate [69 Cal.App.2d Supp. 803] that the amendment was made expressly for that purpose." So it was that we decided that one who builds thirty houses, although on lots owned by him, is a contractor within the definition of section 7026 as amended in 1939. We adhere to this conclusion on this appeal both because we consider it sound and because it is the law of the case.
 [4] In 1941 section 7026 was again amended (Stats. 1941, p. 2603), this time by adding the words italicized in this portion of the section: "a contractor is any person, except an owner who contracts for a project with a licensed contractor or contractors or a licensed architect. ..." We had no occasion, on the former appeal, to refer to this 1941 amendment, for there had been no attempt to prove that the cross-complainant, who appeared to be a contractor under the section's definition, actually came within the exception added by the amendment. At the second trial, however, the cross-complainant, after the plaintiff rested, made an effort to prove that he was not what he seemed, by evidence that he had entered into contracts with several persons to furnish the labor and material required for many of the processes required to build his thirty houses.
 The undertaking planned by the cross-complainant, i.e., his "project," (Webster's New International Dictionary (2d ed.) was the building of thirty houses. Beginning at least as early as August 15, 1942, he began letting "sub"contracts looking to the erection of all thirty. Obviously, he could not escape the plain plan and purpose of chapter 9 of the Business and Professions Code by entering into an agreement with but one licensed contractor to furnish the labor and materials for only a minor part of his project, that required, let us say, to paint the houses, and no more. Such a limited agreement would not make the cross-complainant "an owner who contracts for a project with a licensed contractor." By the statute, it is true, the owner may contract for a project with more than one licensed contractor, but several such contracts will not suffice if taken all together they fail in a substantial particular to cover the project. An owner, not licensed as a contractor, may not legally build thirty houses by dividing the project up among licensed contractors unless the project is at least substantially carried out by contracts with licensed contractors. [69 Cal.App.2d Supp. 804]
 In the construction of such houses as the cross-complainant built, the most important part, that usually handled by the general contractor himself, where there is one, is the furnishing of the lumber and the doing of the carpenter work. The evidence on the second trial discloses that the carpenter work on cross-complainant's thirty houses was done by Roscoe & Land, "who furnished all labor," and "performed all the labor for the carpenter work." Probably this testimony supplies proof that the cross-complainant contracted with them to do the carpenter work, although Exhibit 9, which was introduced as the "contract," by no stretch of the imagination constitutes a contract. But the evidence is unequivocal that they did not furnish the material required for the carpenter work, and there is no evidence suggesting that it was furnished by any licensed contractor. We are aware, of course, that a materialman does not need a license (Bus. & Prof. Code, 7027), but neither does a laborer who is employed "with wages as the sole compensation" ( 7026, id), and yet it is clear that an unlicensed owner cannot lawfully engage in such an enterprise as we find the cross-complainant to have carried through, by buying the materials and hiring the laborers. Such a course is not "contract[ing] for a project with a licensed contractor or contractors."
 It was clearly established that the cross-complainant was engaged in carrying out a project which he could not lawfully do unless he came within one of the exceptions to the definition of "contractor" recognized by the statute. He failed in his attempt to prove that his case came within an exception, for in a substantial measure the project does not appear to have been contracted for with licensed contractors. Cross-complainant's contract with the cross-defendant appears to have been entered into in furtherance of the project he was unlawfully engaged in, and it is therefore void as to him. It follows that he was in no position to be awarded damages for its breach.
 The judgment is reversed, and the cause is remanded for a new trial, appellant to recover his costs of appeal.
 Shaw, P. J., and Kincaid, J., concurred.