[Civ. No. 24457.   First Dist., Div. Three.   Jan. 30, 1969.]

FRANCIS PICKENS et al., Plaintiffs and Appellants, v.
AMERICAN MORTGAGE EXCHANGE et al., Defend-
ants and Respondents.

Bergen Van Brunt and Sheldon I. Balman for Plaintiffs and Appellants.

Tinning & DeLap, Robert Eshleman and John K. Hagopian for Defendants and Respondents.

BROWN (H. C.), J.—This is an appeal from the judgment of dismissal following the granting of defendants' motion for summary judgment. The plaintiffs filed a "Complaint For Money, Damages for Fraud and to Foreclose Mechanics Lien" followed by an "Amendment to Complaint" in which it was alleged that the plaintiff was a general contractor duly licensed by the State of California. The defendants' motion for summary judgment was based upon affidavits which established that plaintiffs were not licensed general contractors, as required by Business and Professions Code section 7031. Plaintiffs contend that the court erred in granting the summary judgment on the ground that their complaint, together with declarations in opposition to the motion (hereafter referred to as declarations), set forth triable issues of fact in causes of action not barred by the failure to possess a general contractor's license, i.e., (1) for fraud, (2) for wages, and (3) for the value of furniture delivered to defendants' property.

It is well settled that the matter to be determined in considering the propriety of the granting of a summary judgment is whether there has been presented any facts in the complaint or affidavits which give rise to a triable issue. The court in considering the motion may not pass on the issue.

The aim in summary procedure is to discover through the media of affidavits or other discovery procedure whether there is any evidence which requires a determination by the trier of fact. Doubts should be resolved in favor of the party opposing the motion, as summary procedure is drastic relief and should be substituted cautiously for the open trial method of determining facts. (See *Wilson* v. *Bittick,* 63 Cal.2d 30, 34, 35 [45 Cal.Rptr. 31, 403 P.2d 159] ; *Saporta* v. *Barbagelata,* 220 Cal.App.2d 463 [33 Cal.Rptr. 661], re use of depositions on motions for summary judgment.)

It is clear that insofar as plaintiffs are seeking to recover for work done under a contract as contractors, they are precluded from doing so by section 7031 of the Business and Professions Code. Failure to be licensed during any portion of the term of a contract requires a dismissal of an action on a motion for summary judgment. (*Bierman* v. *Hagstrom Constr. Co.,* 176 Cal.App.2d 771 [1 Cal.Rptr. 826].) Plaintiff had only a painter's license rather than a general contractor's license. His affidavit alleges that the work he did would be covered by this license since the work was largely painting, except for small repair jobs necessary to the painting. However, the plaintiff had no painter's license during the period July 1, 1960 through September 29, 1960 (a period of time during which he claims he performed services). Further, plaintiffs' allegation that any work required to be done by a licensed general contractor was done under the supervision of such a contractor will not avoid the effect of the statute. (*Payne* v. *De Vaughn,* 77 Cal.App. 399 [246 P. 1069].)

It is also settled that plaintiffs' allegations that they informed defendants that they were unlicensed does not protect them from the proscription of the statute. (*Cash* v. *Blackett,* 87 Cal.App.2d 233 [196 P.2d 585].)

Despite plaintiff's failure to have a contractor's license, there are three causes of action not barred by section 7031 of the Business and Professions Code set forth in the complaint as supplemented by his declarations.

First, the complaint alleges that plaintiffs were induced to enter into an oral contract by the fraudulent misrepresentation of defendant Weaver, representative of the

defendant American Mortgage Exchange. It is alleged that Weaver represented that the Crockett property was encumbered only to the extent of $30,000, when, in fact, there was an additional encumbrance, a second deed of trust in the sum of $25,000, and that in reliance on these representations plaintiffs moved to Crockett, California, and performed services and furnished materials in remodeling the property owned by defendants or in which they had an interest. Plaintiffs have alleged that defendant Weaver promised that they would have the right to purchase the property, and if they exercised this option, they would receive credit for any work performed or materials furnished. If plaintiffs produce evidence that they relied upon this promise as an inducement to improve the property, the truth of the representation as to the extent of the encumbrances becomes material. It is also alleged that the American Mortgage Exchange promised to pay for the work done and had no intention of keeping that promise at the time it was made. These allegations are sufficient to come within the definition of fraud as set forth in Civil Code section 1572.* ■■■ While the plaintiffs could not recover on the contract, nor for the breach of it, nor for the value of the work or for monies expended therein (Bus. & Prof. Code, § 7031), the fact that they were unlicensed did not bar them from the prosecution of their cause of action for fraud by which they were induced to enter the contract.

In *Grant* v. *Weatherholt*, 123 Cal.App.2d 34, 42, 43 [266 P.2d 185], the court said: "The sections of the Business and Professions Code which require the licensing of contractors and declare the contracts of unlicensed persons to be invalid, and bar actions based thereon, relate only to obligations which arise out of contracts under which express promises are made, and to acts which would normally create an implied obligation to render compensation. . . .

"Plaintiff's cause of action for fraud is not 'for the collection of compensation for the performance of any act or con-

---

*Civil Code section 1572 states as follows: "Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; 3. The suppression of that which is true, by one having knowledge or belief of the fact; 4. *A promise made without any intention of performing it;* or, 5. *Any other act fitted to deceive.*" (Italics added.)

tract for which a license is required.' Plaintiff's right is the outgrowth of the deceit practiced upon him by the defendants. The validity or invalidity of his contract does not affect that right. Proof of the contract under the cause of action for fraud was merely proof of the circumstances under which plaintiff's services were rendered and his money was expended.

"Plaintiff's action for fraud is not barred unless by the provision of the above sections of the Business and Professions Code. The sections should be construed and applied so as to accomplish their purpose of protecting the public from dealings with incompetent or untrustworthy contractors. The courts will not impose penalties for noncompliance in addition to those that are provided expressly or by necessary implication. The rule *expressio unius exclusio alterius* has application. (*Comet Theatre Enterprises* v. *Cartwright* (9th Cir. 1952) 195 F.2d 80; *Norwood* v. *Judd,* 93 Cal.App.2d 276 [209 P.2d 24].) The sections of the code which shield from liability those who enter into contracts with unlicensed persons do not purport to shield them from responsibility for their own torts, nor do they relate to actions or proceedings except those that are based upon contract liability.''

For the purpose of the motion for summary judgment, facts asserted by the plaintiffs and not controverted must be accepted as true. Here an issue as to defendants' fraud has been presented by the pleadings. (*Gillespie* v. *Hagan,* 94 Cal.App.2d 566 [211 P.2d 9]; *Raden* v. *Laurie,* 120 Cal.App.2d 778 [262 P.2d 61]; *Beck* v. *Reinholtz,* 138 Cal. App.2d 719 [292 P.2d 906].)

Second, the complaint, together with his declarations, also raises issues of fact as to whether the relationshp of plaintiffs to defendants Hans and Maureen Gelin was that of employee and employer, in which case, lack of a general contractors license would not bar the action. The second count sets forth a cause of action on an account stated for the sum of $15,051.74, and in the third count plaintiffs allege that defendants Hans and Maureen Gelin and W. Harry Johns are indebted to plaintiffs for work, labor and materials in the sum of $15,051.74. These causes of action are supplemented by plaintiffs' declaration wherein plaintiffs allege that an employee-employer relationship existed between defendants Gelin and plaintiffs whereby plaintiff (Francis Pickens) was to receive $30 as a daily wage and plaintiff's wife (Mary Pickens) was to receive $10 per day for her services; that these defendants

supervised and directed plaintiffs' work, and defendants had knowledge that plaintiffs were not licensed contractors.

The contractor's licensing provisions do not apply to any person who engaged in activities as an employee with wages as his sole compensation. (Bus. & Prof. Code, § 7053.) (See also *Brooks* v. *Duskin,* 159 Cal.App.2d 629 [324 P.2d 351]; *Powell* v. *Berg,* 99 Cal.App.2d 353, 355 [221 P.2d 743].) The question of whether a person seeking to recover for his labor is functioning as an employee or an independent contractor has been characterized as essentially a question of fact. (*Cargill* v. *Achziger,* 165 Cal.App.2d 220, 222 [331 P.2d 774].)

Third, the complaint sets forth that plaintiffs supplied materials to the project in addition to the work and services they performed. In their declaration plaintiffs supplement the allegations by specifically setting forth that $1,864 was expended for furniture and fixtures for the apartments in the Crockett property and that the Gelins agreed to see that plaintiffs were paid for these furnishings.

Section 7045 of the Business and Professions Code provides that the licensing requirements do not apply to the sale or installation of any finished products or articles of merchandise which do not become a fixed part of the structure. Also, section 7057, which defines a general building contractor, does not include ''anyone who merely furnishes materials or supplies under Section 7045 *without fabricating them* into, or consuming them in the performance of the work of the general building contractor.'' (Italics added.) Thus, plaintiffs have raised an issue of fact as to whether they have furnished materials which fall within the provisions of section 7045, for which an action would not be barred by section 7031.

It is concluded that the complaint, as supplemented by the declarations in opposition to the summary judgment, which declarations are not controverted by any counteraffidavits or declaration of defendants, presents facts which give rise to triable issues (against those defendants as to whom such issues are alleged) on the question of fraud, employer and employee relationship, and the value of the furnishings. We do not determine those issues, only that they exist, and therefore it was error to grant the summary judgment.

The judgment is reversed.

Draper, P. J., and Salsman, J., concurred.