33 P.3d 796

Barry LEVITAN, Plaintiff–Appellant,

v.

STATE of Arizona, REGISTRAR OF CONTRACTORS, Defendants–Appellee.

No. 1 CA–CV 01–0138.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 13, 2001.

Barry Levitan, In propria persona, Flagstaff, Janet Napolitano, Attorney General, by Mary DeLaat Williams, Assistant Attorney General, Phoenix, Attorneys for Defendants–Appellees.

Law Offices of Michael A. Parham, by Michael A. Parham, and Law Offices of Scott M. Clark, by Scott M. Clark, Phoenix, Attorneys for Amicus Curiae Arizona Multihousing Association.

OPINION

PATTERSON, Judge.

¶ 1 Barry Levitan appeals the judgment of the superior court declaring him a contractor within the meaning of Arizona Revised Statute ("A.R.S.") § 32–1101(A)(3) (Supp.2000). For the following reasons, we reverse.

I. BACKGROUND

¶ 2 For purposes of this declaratory judgment action, the parties have stipulated to the relevant facts. Levitan owns two residential rental properties in Flagstaff containing five units and seventy-nine units, respectively. He desires to re-roof his five-unit property and to replace a stained toilet at the other property. Levitan accordingly filed a

complaint against the Arizona Registrar of Contractors seeking a declaratory judgment that he and his employees can perform the repairs without obtaining a contractor's license because Levitan is not a contractor within the meaning of A.R.S. § 32–1101(A)(3).

¶ 3 After determining that Levitan's action satisfied the jurisdictional and justiciability requirements, the trial court ruled that Levitan fell within the definition of a contractor under § 32–1101(A)(3). Because the parties stipulated that Levitan did not qualify for a license exemption, the trial court never addressed the exemptions listed in A.R.S. § 32–1121 (1996). Levitan appealed.

## II. DISCUSSION

### A. Contractor Under A.R.S. § 32–1101(A)(3)

¶ 4 Our task is to analyze the parties' statement of stipulated facts to determine whether Levitan qualifies as a contractor within the meaning of A.R.S. § 32–1101(A)(3). Because this issue requires us to interpret and apply statutes, it is a question of law that we review de novo. *Wells Fargo Credit Corp. v. Tolliver*, 183 Ariz. 343, 345, 903 P.2d 1101, 1103 (App.1995).

¶ 5 A.R.S. § 32–1101(A)(3) provides in pertinent part:

"Contractor" is synonymous with the term "builder" and means any person, firm, partnership, corporation, association or other organization, or a combination of any of them, that, *for compensation, undertakes* to or offers to undertake to, purports to have the capacity to undertake to, submits a bid or responds to a request for *qualification or a request for proposals for* construction services to, does himself or by or through others, or directly or indirectly supervises others to:

(a) Construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road, railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or any other structure or work in connection with the construction.

(Emphasis added.)

¶ 6 The Registrar contends that Levitan meets this definition because he receives compensation in the form of rent. This court, however, has defined "rent" to mean "compensation for the use of real property" and not for construction services. *Pavilion Hotel, Inc. v. Valley Nat'l Bank of Ariz.*, 180 Ariz. 498, 504, 885 P.2d 186, 192 (App.1994). Other authorities agree. *See Black's Law Dictionary* 1297 (6th ed.1990) (defining rent as "consideration paid for use or occupation of property"); *Webster's New Riverside University Dictionary* 995 (1994)(defining rent as "payment . . . at designated intervals in return for the right to occupy or use another's property").

¶ 7 More importantly, the parties concur that Levitan's obligation to repair and maintain his property derives from statute. A.R.S. § 33–1324(A)(2)(Supp.2000) requires a landlord to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." Thus, Levitan was legally required to maintain the property irrespective of the rental agreement's requirements. Accordingly, rent does not compensate for repairs, alterations, or improvements to rental property. *See City of Phoenix v. Santa Anita Dev. Corp.*, 141 Ariz. 179, 182, 685 P.2d 1331, 1334 (App.1984) (applying a virtually identical definition of contractor from the Phoenix City Code and concluding that the increased value achieved by improving properties did not result from any "contracting" activities).

¶ 8 The Registrar nevertheless argues that Levitan was a contractor because he admittedly failed to qualify under any of the exemptions listed in A.R.S. § 32–1121. As authority for this proposition, the Registrar pointed out that the exemption statute's section heading refers to "Persons not required to be licensed" and reasoned that even non-contractors are "persons" and must fall into one of the listed categories. We reject this argument. A section heading is not part of a statute and cannot vary its express terms. 1A Norman J. Singer, *Suth-*

*erland on Statutes and Statutory Construction* § 21.04, 121–22 (5th ed.1993).

¶ 9 The Registrar's construction also ignores the admonition in A.R.S. § 32–1101(D) that "[o]nly contractors as defined in this section [A.R.S. § 32–1101(A)(3)] are licensed and regulated by this chapter." Indeed, the Registrar's construction renders the "contractor" definition in A.R.S. § 32–1101(A)(3) a nullity by requiring compliance with A.R.S. § 32–1121 alone.

¶ 10 Properly construed, A.R.S. § 32–1121 creates safe harbors for certain specific categories of persons who do contracting work. *See* Thomas C. Horne, *Arizona Construction Law* § 902(f)(1), at 333 (1990). A California court recognized this phenomenon when analyzing a parallel California statute in *People v. Moss*, 33 Cal.App.2d Supp. 763, 87 P.2d 932 (1939*)*. The court explained that

> the argument referred to (i.e. all owners who improve the property are contractors) loses whatever potency it would have when we note that for some reason, possibly an excess of caution, an exemption of identical import, though varying in expression from time to time, has been in the statute throughout its existence, and by no stretch of construction possible prior to 1937 could it be said that a contractor's license was required of an owner building on his property.

*Id.* at 934.

¶ 11 The analysis in *Miller v. Superior Court,* 8 Ariz.App. 420, 446 P.2d 699 (1968), illustrates the interplay between the Arizona statutes. In *Miller,* the real property owner subdivided the land, hired a licensed contractor to construct condominiums, and sold the units to the public. *Id.* at 421, 446 P.2d at 700. Division Two of this court ruled that the owner fit the definition of a "contractor"

because "he was the one undertaking to build the condominium villa." *Id.* at 422, 446 P.2d at 701. The court then turned to A.R.S. § 32–1121 and found that none of the provisions applied. *Id.* at 423, 446 P.2d at 702. Accordingly, the definitional statute was the first step in the contractor analysis. If the person qualified as a contractor, the court must consider if an exemption applied. If the person did not qualify—or the parties stipulated that no exemption applied—the court will not analyze A.R.S. § 32–1121.

¶ 12. In sum, we conclude that Levitan does not receive compensation, and thus, does not qualify as a contractor. In light of this conclusion, as well as the parties' stipulation that no exemption applies, we need not analyze the applicability of the specific exemptions in A.R.S. § 32–1121. Our decision also obviates the need to consider whether the reference to "undertakes" in A.R.S. § 32–1101(A)(3) denotes a two-party relationship.

## III.  CONCLUSION

¶ 13 We hold that under the stipulated facts Levitan does not qualify as a contractor for purposes of A.R.S. § 32–1101(A)(3). Accordingly, we reverse the trial court's ruling, vacate the judgment, and remand for further proceedings consistent with this opinion.

CONCURRING: JAMES B. SULT, Presiding Judge, SHELDON H. WEISBERG, Judge.