[No. B176503. Second Dist., Div. Four. May 23, 2005.]

COMMUNICATIONS RELAY CORPORATION et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**164**

**COUNSEL**

Gaines & Stacey, Lisa A. Weinberg, Alicia B. Bartley and Fred Gaines for Plaintiffs and Appellants.

Raymond G. Fortner, Jr., County Counsel, Leela A. Kapur, Assistant County Counsel, and Robert E. Ragland, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**WILLHITE, J.**—Appellants Communications Relay Corporation, Panorama Ranch, L.L.C., and LT-WR, L.L.C. (collectively, the property owners or the owners) appeal from a judgment denying their petition for writ of mandate. The petition sought an order directing respondent County of Los Angeles (the County) to issue permits to construct water wells on the property owners' real property, without requiring the owners to identify a person holding a C-57 water well contractor's license[1] as the person responsible

---

[1] A C-57 license is a type of specialty contractor license issued to contractors who "perform their trade using the art, experience, science and skill necessary to satisfactorily organize, administer, construct and complete projects under their classification, in accordance with the standards of their trade." (Cal. Code Regs., tit. 16, § 832.) The class C-57 license applies to well drilling contractors, who "install[] and repair[] water wells and pumps by boring, drilling, excavating, casing, cementing and cleaning to provide a supply of uncontaminated water." (Cal. Code Regs., tit. 16, § 832.57.)

for the construction. The trial court found that the County did not have a ministerial duty to issue the permits because Water Code section 13750.5 (section 13750.5) requires that any person who constructs a water well in California must hold a C-57 license. The property owners contend they are exempt from the C-57 license requirement under section 7044, subdivision (a) (section 7044(a)) of the Contractors' State License Law (Bus. & Prof. Code, § 7000 et seq.). We affirm the judgment.

## BACKGROUND

The property owners own four parcels of land in Malibu, California. They sought permits from the County to drill water wells on their properties. The County refused to issue those permits on the ground that the property owners' applications for permits did not identify a C-57 licensed contractor. In refusing to issue the permits, the County relied upon section 13750.5, which provides in relevant part: "No person shall undertake to dig, bore, or drill a water well . . . unless the person responsible for that construction . . . possesses a C-57 Water Well Contractor's License." The property owners filed a petition for writ of mandate under Code of Civil Procedure section 1085, contending they are exempt from the C-57 license requirement under section 7044(a). Section 7044(a) provides that the Contractors' State License Law (which regulates the contracting business and governs all contractor licenses, including C-57 licenses) does not apply to "[a]n owner of property, building or improving structures thereon, or appurtenances thereto, who does the work himself or herself or through his or her own employees with wages as their sole compensation, provided none of the structures, with or without the appurtenances thereto, are intended or offered for sale."

In moving for the writ of mandate, the property owners submitted evidence of their ownership of the parcels at issue and of their intent to drill the water wells on those parcels themselves. The property owners also asked the trial court to take judicial notice of, among other things, section 6 of the Department of Water Resources, Southern District Water Well Standards. That section provides: "The construction, alteration, or destruction of wells shall be performed by contractors licensed in accordance with the provisions of the Contractors' License Law (Chapter 9, Division 3, of the Business and Professions Code) unless exempted by that act."

The trial court rejected the property owners' argument that section 7044(a) exempted them from the C-57 licensing requirement. The court found the language of both section 13750.5 and section 7044(a) clear: section 13750.5

mandates that the person responsible for constructing a water well hold a C-57 license, and section 7044(a) only exempts owner-builders from the Contractors' State License Law, not from other statutes that mandate specific licenses. Accordingly, the court denied the property owners' petition, concluding that the County did not have a ministerial duty to issue the requested permits. The owners appeal.

## DISCUSSION

The property owners contend the trial court erred in concluding that section 7044(a) did not apply to exempt them from the C-57 licensing requirement set forth in section 13750.5. The parties agree on all the material facts, but disagree on the application of sections 7044(a) and 13750.5 to those facts. Therefore, this appeal presents an issue of statutory interpretation, which we review de novo. (*Jackson v. Gourley* (2003) 105 Cal.App.4th 966, 970 [130 Cal.Rptr.2d 72].)

■ ■ ■ Our fundamental task in statutory construction is to " 'ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute.' [Citation.]" (*People v. Cruz* (1996) 13 Cal.4th 764, 774–775 [55 Cal.Rptr.2d 117, 919 P.2d 731]; accord, *Medical Board v. Superior Court* (2001) 88 Cal.App.4th 1001, 1013 [106 Cal.Rptr.2d 381].) " 'When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. [Citations.]' [Citation.] [¶] In examining the language of the statute, we must consider 'the context of the statute . . . and the statutory scheme of which it is a part. "We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.]" [Citations.] " 'If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' [Citation.] . . . . 'When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.' [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]" [Citations.]' [Citation.]" (*Smith v. Workers' Comp. Appeals Bd.* (2002) 96 Cal.App.4th 117, 123–124 [116 Cal.Rptr.2d 728].)

The language of section 13750.5, by itself, is clear and unambiguous. Through the use of the phrase "No person shall undertake," the statute provides no exception to its requirement that persons responsible for the construction of water wells possess a C-57 license. Therefore, the County contends that under the rules of statutory construction no further inquiry is required, and the statute should be construed to require a C-57 licensed contractor in all instances. The property owners argue, however, that the term "undertake" has a specific meaning in the context of construction. Relying upon *People v. Moss* (1939) 33 Cal.App.2d Supp. 763 [87 P.2d 932] (*Moss*), the property owners contend that the relevant definition of "undertake" is one that "connotes an agreement with another person" (*id.* at p. Supp. 765), and therefore section 13750.5 applies only when the property owner contracts with another to construct a water well.

The property owners' reliance on *Moss* is misplaced. The issue in that case was whether a person who bought materials and hired labor to build a structure on his own property was a "contractor" under the Contractors' State License Law. (*Moss*, *supra*, 33 Cal.App.2d at p. Supp. 765.) Based upon the language of the statutory definition of "contractor" at the time that statute was first enacted—which expressly provided that a contractor was a person who *for compensation* undertakes *with another* to construct a building—the court held that a person is not a contractor unless that person "undertakes" or offers to "undertake" the work for another. (*Id.* at pp. Supp. 765–766.) The discussion of the meaning of "undertakes" in *Moss* is limited to the context of the statutory definition of contractor and does not control the use of the term in other contexts—indeed, the court acknowledged that the term is susceptible of a meaning in which one could undertake a task by oneself. (*Id.* at p. Supp. 765.)

In the context of section 13750.5, there is nothing in the statutory language to suggest that the term "undertake" does not encompass both meanings, i.e., to perform a task oneself or to put oneself under an obligation to perform the task for another. Therefore, we agree with the County that the statutory language unambiguously requires a C-57 licensed contractor in all instances and under the rules of statutory construction, no further inquiry is required. Nonetheless, we address the property owners' other contentions.

The property owners argue that the statute's reference to a C-57 license creates an ambiguity that requires us to look beyond the plain language of

section 13750.5 and to read it in conjunction with the Contractors' State License Law, the statutory scheme that governs the C-57 license. But even if we consider the Contractors' State License Law, we nevertheless conclude that 13750.5 requires a C-57 licensed contractor to construct water wells, without exception.

As noted above, our fundamental task is to effectuate the purpose of the law or laws we are construing. The express legislative purpose in enacting chapter 10 of division 7 of the Water Code—the chapter that includes section 13750.5—was to protect the public health and welfare by preventing underground water from being contaminated due to improperly constructed or abandoned water wells. (See Wat. Code, §§ 13700, 13701.)[2] One of the ways the Legislature sought to prevent the improper construction of water wells was to require wells to be constructed only by those persons found to be qualified in that specialized construction, i.e., by persons in possession of a specialized C-57 license. (§ 13750.5.) The purpose of the Contractors' State License Law, on the other hand, is to protect consumers who hire contractors from incompetence and dishonesty by those who provide building and construction services. (See *Hydrotech Systems, Ltd. v. Oasis Waterpark* (1991) 52 Cal.3d 988, 995 [277 Cal.Rptr. 517, 803 P.2d 370]; *Smith v. Workers' Comp. Appeals Bd., supra,* 96 Cal.App.4th at p. 127.) Because property owners who perform the construction work themselves on their own property do not need this protection, the Legislature exempted them from the contractor licensing requirements. (*Moss, supra,* 33 Cal.App.2d at pp. Supp. 766–767.) To construe section 13750.5 to incorporate the section 7044(a)

---

[2] Water Code section 13700 provides: "The Legislature finds that the greater portion of the water used in this state is obtained from underground sources and that those waters are subject to impairment in quality and purity, causing detriment to the health, safety and welfare of the people of the state. The Legislature therefore declares that the people of the state have a primary interest in the location, construction, maintenance, abandonment, and destruction of water wells, cathodic protection wells, groundwater monitoring wells, and geothermal heat exchange wells, which activities directly affect the quality and purity of underground waters."

Water Code section 13701 provides: "The Legislature finds and declares all of the following: [¶] (a) Improperly constructed and abandoned water, cathodic protection wells, groundwater monitoring wells, and geothermal heat exhange wells can allow contaminated water on the surface to flow down the well casing, thereby contaminating the usable groundwater. [¶] (b) Improperly constructed and abandoned water wells, cathodic protection wells, groundwater monitoring wells, and geothermal heat exchange wells can allow unusable or low quality groundwater from one groundwater level to flow along the well casing to usable groundwater levels, thereby contaminating the usable groundwater. [¶] (c) Contamination of groundwater poses serious public health and economic problems for many areas of the state."

exemption would allow unlicensed (and presumably inexperienced or unqualified) property owners to build wells on their property. That interpretation would contravene the express purpose of section 13750.5 and would not advance the purpose of Contractors' State License Law. In contrast, a construction that does not incorporate the section 7044(a) exemption into section 13750.5 does effectuate the purpose of section 13750.5 and does not contravene the purpose of the Contractors' State License Law. Therefore, section 13750.5 must be construed to provide no exemption from the C-57 license requirement.

■ This construction also is supported by application of other rules of statutory construction. Section 13750.5 was enacted in 1986, after the enactment of the exemption for owner-builders under the Contractors' State License Law. (See Wat. Code, § 13750.5 [added by Stats. 1986, ch. 1373, § 2.5, p. 4908; amended by Stats. 1996, ch. 581, § 5]; Bus. & Prof. Code, § 7044 [added by Stats. 1981, ch. 1124, § 10, p. 4403, amended by Stats. 1988, ch. 1035, § 1.3, p. 3365]; see also *Moss, supra,* 33 Cal. App. 2d at p. Supp. 766 [the exemption for owner-builders has been part of the Contractors' State License Law throughout its existence].) ■ Thus, under the rule that the latest statutory expression prevails (*California Correctional Peace Officers Assn. v. Department of Corrections* (1999) 72 Cal.App.4th 1331, 1340 [85 Cal.Rptr.2d 797]), we must construe section 13750.5 to provide no exemption. Similarly, our construction of section 13750.5 is consistent with the rule that a specific statute (such as section 13750.5, which applies specifically to the construction of water wells) prevails over a general statute (such as section 7044(a), which applies generally to all kinds of construction). (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147].)

■ In reaching our conclusion that section 13750.5 does not provide an exception to the C-57 license requirement, we recognize that the Department of Water Resources—which was directed by the Legislature to recommend standards for water well construction (Wat. Code, § 231)—issued a standard in 1981 that incorporates the section 7044(a) exemption. However, when the Legislature codified the standards for water well construction in 1986, it did not include any exemption, and the Department's standard cannot operate to provide one. (*Home Depot, U.S.A., Inc. v. Contractors' State License Bd.* (1996) 41 Cal.App.4th 1592, 1600 [49 Cal.Rptr.2d 302] [administrative agency's regulation or interpretation cannot restrict or enlarge the scope of a statute].)

## DISPOSITION

The judgment is affirmed. The County shall recover its costs on appeal.

Epstein, P. J., and Curry, J., concurred.

On June 14, 2005, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied September 21, 2005. George, C. J., did not participate therein.